UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEYSE MARTINEZ DE MALDONADO,<br><br>    Plaintiff,<br><br>    v.<br><br>I.C. SYSTEM, INC.,<br><br>    Defendant.<br>_____/ | Case No. 1:23-cv-00186-JLT-BAM<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEY FEES AND COSTS**<br><br>(Doc. 11) |

## I. INTRODUCTION

Plaintiff Deyse Martinez de Maldonado ("Plaintiff") brought the instant action against Defendant I.C. System, Inc. ("Defendant"), alleging claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq.*, and the California Code of Civil Procedure, Cal. Civ. Proc. Code § 1280 *et seq.*  (Doc. 1-3.)  The action was originally filed in Fresno County Superior Court on November 28, 2022.  (Doc. 1-2.)  On March 14, 2023, Plaintiff filed a notice of acceptance of Defendant's offer of judgment pursuant to Federal Rule of Civil Procedure 68, "plus reasonable attorneys' fees and costs in an amount either agreed by the parties or determined by the Court."  (Doc. 9.)  On March 15, 2023, judgment was entered.  (Doc. 10.)

The parties are presently before the Court on Plaintiff's motion attorneys' fees and costs. (Doc. 11.)  Defendant opposes the motion. (Doc. 12.)  Plaintiff filed her reply. (Doc. 17.)  Defendant filed

1

objections to Plaintiff's reply. (Doc. 18.) The motion was referred to Magistrate Judge Barbara A. McAuliffe for findings and recommendations. (Doc. 19.) The Court deemed the matter suitable for decision without oral argument pursuant to Local Rule 230(g), and took the matter under submission. Having considered the moving, opposition, reply papers, and the entire file, the Court hereby recommends GRANTING IN PART AND DENYING IN PART Plaintiff's motion for the reasons stated below.

## II.     LEGAL STANDARD

The Fair Debt Collection Practices Act allows a plaintiff to recover "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3); *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). A similar award is also available under the RFDCPA. *Klein v. Law Offices of D. Scott Carruthers*, No. C15-00490 CRB, 2015 WL 3626946, at *2 (N.D. Cal. June 10, 2015).

The Court calculates an attorney's fees award using the "lodestar" method. *Camacho*, 523 F.3d at 978. Under the lodestar method, "a district court must start by determining how many hours were reasonably expended on the litigation, and then multiply those hours by the prevailing local rate for an attorney of the skill required to perform the litigation." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). The fee applicant bears the burden of documenting the appropriate hours expended in the litigation. *Klein*, 2015 WL 3626946 at *2 (*citing Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983). The Court may reduce the award "[w]here the documentation of hours is inadequate," and may "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 433. The Court has "'a great deal of discretion in determining the reasonableness of the fee." *Camacho*, 523 F.3d at 978 (*quoting Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992)).

## III.    DISCUSSION

In her instant motion, Plaintiff seeks an award of $16,758.57, consisting of (1) attorneys' fees in the amount of $16,166.25; and (2) costs in the amount of $592.32. (Doc. 11-1.) In response, Defendant requests the Court reduce Plaintiff's fee award by 75%, contending that Plaintiff does not provide evidence to support the requested rates; Plaintiff has submitted an unreasonable number of

2

hours; and Plaintiff's lodestar multiplier is not warranted. (Doc. 12 at 6-15.) Defendant further notes that Plaintiff improperly requests mailing costs, and requests the Court reduce the $28.36 in mailing costs from the costs requested. (*Id.* at 15.) Plaintiff's reply contends that Plaintiff's rates were reasonable, Plaintiff's clerical tasks were appropriately billed, the internal conference billing was appropriate, Plaintiff's lodestar is reasonable, and Plaintiff's mailing costs were service fees for arbitration. (Doc. 17.) Defendant further objects to Plaintiff's introduction of a supplemental declaration from Attorney Matthew M. Loker attached to Plaintiff's reply, which attests to the reasonableness of Plaintiff's counsel's rates. (Doc. 18.) Defendant argues that Plaintiff is not permitted to introduce new evidence for a reply brief. (*Id.*)

### A. Defendant's Objections to Plaintiff's Supplemental Declaration

As a threshold issue, Defendant objects to Plaintiff's introduction of a supplemental declaration from Attorney Matthew M. Loker attached to Plaintiff's reply (Doc. 17-1), which attests to the reasonableness of Plaintiff's counsel's rates. (Doc. 18.) Defendant argues that Plaintiff is not permitted to introduce new evidence for a reply brief. (*Id.*)

"It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers." *Jones v. Baltimore Life Ins. Co.*, No. CIV. S-06-1505 LKK/KJ, 2007 WL 1713250, at *9 (E.D. Cal. June 12, 2007) (citing *Lujan v. National Wildlife Federation*, 497 U.S. 871, 894-95 (1990)). "The reply brief is not intended to be the brief that shows for the first time the movant's evidentiary support for the relief sought in the movant's opening brief." *Mercado v. Sandoval, Inc.*, No. 2:08-cv-02648-GEB-EF, 2009 WL 2031715, at *1 (E.D. Cal. July 9, 2009). "Where a movant injects new evidentiary materials in a reply brief that should have been included in the opening brief, the movant could fail to 'affor[d] the nonmovant an opportunity for further response.'" *Id.* (citing *Springs Indus., Inc. v. Am. Motorists Ins. Co.*, 137 F.R.D. 238, 240 (N.D. Tex. 1991)). Because Plaintiff introduced this new declaration in her reply rather than in her initial motion to which Defendant could respond, the Declaration of Attorney Matthew M. Loker (Doc. 17-1) will not be considered.

///

///

3

**B.     Attorneys' Fees**

   **1.     Plaintiff's Position**

Plaintiff contends that she is the prevailing party in this litigation and is therefore entitled to an award of reasonable attorneys' fees. (Doc. 11-1.) As mentioned, Plaintiff requests attorneys' fees in the amount of $16,166.25, consisting of: (1) $10,777.50 in lodestar fees representing 34.7 hours of work expended[1]; (2) a lodestar enhancement of $5,388.75; and (3) costs in the amount of $592.32. (Doc. 11-1 at 5-6, 11; Doc. 11-2 ¶¶ 31-42.)

To support these rates, Plaintiff's counsel directs the Court to several cases and arbitrations where they have been awarded rates between $325 and $625 for attorneys and between $95 per hour and $175 per hour for paralegals and legal assistants based upon expertise and experience. (Doc. 11-2 ¶¶ 25-30).[2] Mr. Cardoza further states that he has been engaged with consumer litigation protection for at least fifteen years, and notes that from 2014 to the present, he has exclusively represented consumers in litigation, primarily in the areas of Fair Debt Collection Practices Act and Fair Credit Reporting Act claims, claims under analogous California statutes, and class action litigation in these areas. (Doc. 11-2 ¶¶ 5-11.) Mr. Cardoza further states that he is the author of a book related to consumer debt collection, has appeared on radio shows to discuss consumer debt collection, has completed five days of training in consumer protection law every year since 2014, was an invited speaker on Consumer Protection Law at the American Bar Association's Legal Assistance in the Military Program for 2018, was an invited speaker on Consumer Protection Law, specifically, consumer debt collection and credit reporting, at Marine Corps Base Camp, Pendleton's Continuing

---

[1] This number reflects 18.9 hours at hourly rates ranging from $325 per hour to $625 per hour for three attorneys: Michael F. Cardoza, Lauren B. Veggian and Angely Gaviola, and 15.8 hours of paralegal and legal assistant fees for paralegal Keanush Hakimian, paralegal Aimee Cody, and legal assistant Laura Woods hourly rates ranging from $95 per hour to $175 per hour. (Doc. 11-1 at 5-6, 11; Doc. 11-2 ¶¶ 31-42.)

[2] Mr. Cardoza and Ms. Veggian have been approved by the Central District of California and Southern District of California at an hourly rate of $575 and $375, respectively. *See Soler v. Trans Union, LLC*, No. 2:20-cv-08459-FWS-PLA, 2022 U.S. Dist. LEXIS 240265, *35 (C.D. Cal. Oct. 18, 2022); *Buchannon v. Associated Credit Servs.*, No. 3:20-cv-02245-BEN-LL, 2021 U.S. Dist. LEXIS 222475, *46 (C.D. Cal. Nov. 17, 2021). Mr. Cardoza does not direct the Court to any Eastern District of California cases, or cases in which he was awarded the hourly rate of $625, Ms. Veggian was awarded the hourly rate of $425, or Ms. Gaviola was awarded the hourly rate of $325.

1  Legal Education for Military Attorneys in 2017 and 2018; and was an accredited Continuing Legal
2  Education Instructor on Consumer Protection Law at the National Association of Consumer
3  Attorneys' seminar on the Servicemember's Civil Relief Act in 2018. (*Id.* ¶¶ 17-22). Mr. Cardoza
4  further notes that his senior associate Lauren B. Veggian received a bachelor's degree in Sociology
5  from Princeton University in 2010, received her Juris Doctorate from Hofstra University School of
6  Law in 2014, and is barred in both New York and California. (*Id.* ¶ 32.) Mr. Cardoza also notes that
7  his junior associate Angely Gaviola received her bachelor's degree in communications from De La
8  Salle University – Dasmirinas in 2008, received her Juris Doctorate from California Western School
9  of Law in 2021, and is barred in California. (*Id.* ¶ 37.)

10  In support of the hours expended, Plaintiff attaches itemized billing records which contain
11  descriptions of the activities performed by Plaintiff's counsel and staff and the time expended. (Doc.
12  11-3). The billing records reflect that Plaintiff's counsel expended a total of 34.7 hours, with Mr.
13  Cardoza expending 5.6 hours at a $575 per hour rate and 0.3 hours at a $625 per hour rate, Ms.
14  Veggian expending 6.4 hours, Ms. Gaviola expending 6.6 hours, paralegal Keanush Hakimian
15  expending 11.8 hours, paralegal Aimee Cody expending 2 hours, and legal assistant Laura Woods
16  expending 2 hours. (Doc. 11-3; Doc. 11-2 ¶¶ 32-42.) Plaintiff asserts that the number of hours
17  expended and the respective hourly rates are reasonable based on counsel's qualifications and
18  experience. (Doc. 11-2 ¶¶ 31-43.) Plaintiff further contends that she is entitled to a lodestar multiplier
19  based upon the potential risk in taking the case and the delay in payment between taking the case and
20  receipt of attorneys' fees. (Doc. 11-1 at 8-11.)

21  **2.  Defendant's Position**

22  Defendant contends that the hours and fees claimed by Plaintiff's counsel are unreasonable
23  because Plaintiff does not provide evidence to support the requested rates; Plaintiff has submitted an
24  unreasonable number of hours; and Plaintiff's lodestar multiplier is not warranted. (Doc. 12 at 6-15.)
25  Defendant further notes that Plaintiff improperly requests mailing costs, and requests the Court reduce
26  the $28.36 in mailing costs from the costs requested. (*Id.* at 15.) As a result, Defendant argues that
27  the Court should reduce Plaintiff's remaining award by 75% after other reductions, and only award
28  attorneys' fees of $1,585.88 and costs of $563.96. (*Id.* at 15-17.)

5

### 3. Reasonable Hourly Rate

Having considered the moving papers, arguments and relevant lodestar factors, the Court finds that the requested amount of attorneys' fees should be reduced. The primary basis for such a reduction is the Court's determination that counsel's requested hourly rates are unreasonable because the evidence submitted by Plaintiff does not justify an hourly rate between $325 and $625 for attorneys and between $95 and $175 for paralegals and legal assistants, and because clerical tasks were billed at higher paralegal hourly rates.

A reasonable hourly rate is not defined by reference to the rates actually charged by the prevailing party. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986). Rather, reasonable fees must be calculated based on the prevailing market rates charged by "attorneys in the relevant community engaged in 'equally complex Federal litigation.'" *Van Skike v. Dir., Off. of Workers' Comp. Programs*, 557 F.3d 1041, 1046 (9th Cir. 2009).

Here, Plaintiff does not cite a case in the Eastern District approving the fees requested. Each case counsel has previously been granted a rate in excess of $325 therefore reflects the prevailing rates of other communities, not the Eastern District. The Court is similarly not persuaded by Mr. Cardoza's declaration that the rates are reasonable and commensurate with his and his associates' experience. (Doc. 11-2 ¶¶ 16, 31-42.) Plaintiff's exhibits do not demonstrate that Mr. Cardoza, Ms. Veggian, Ms. Gaviola, or any other FDCPA practitioner in the Eastern District has been awarded an hourly rate above $350.

To the contrary, the Court's review of some of the most recent attorney fee awards in FDCPA cases indicate that the most common hourly rate awarded to Plaintiff's counsel in FDCPA cases is approximately $250 to $300. *See Brown v. Jonathan Neil & Assocs., Inc.*, No. 1:17-cv-00675-SAB, 2019 WL 636842 (E.D. Cal. Feb. 14, 2019) (finding $300 per hour was reasonable for attorney with eight years of experience and $225 per hour was reasonable for attorney with five years of experience in FDCPA case); *Lowery v. Acct. Outsourcing Grp., LLC*, No. 2:16-cv-03007-KJM-KJN, 2018 WL 3769430 (E.D. Cal. Aug. 9, 2018) (finding $250 per hour was reasonable for attorney, $125 per hour was reasonable for law clerk, and $75 per hour was reasonable for legal assistant in FDCPA case); *Nordyke v. Summit Receivables*, No. 2:17-CV-01705-WBS-AC, 2018 WL 2732455, at *7 (E.D. Cal.

June 7, 2018) (finding $350 per hour in attorneys' fees and $75 per hour in paralegal fees reasonable), report and recommendation adopted sub nom. *Nordyke v. Summit Receivables*, No. 2:17-CV-1705 WBS-AC, 2018 WL 4773875 (E.D. Cal. July 17, 2018); *Valentin v. Grant Mercantile Agency, Inc.*, No. 117-cv-01019-AWI-SKO, 2017 WL 6604410 (E.D. Cal. Dec. 27, 2017) (finding $275 per hour for attorneys' fees and $115 per hour for paralegal fees was reasonable); *Munoz v. California Bus. Bureau, Inc.*, No. 1:15-CV-1345-BAM, 2017 WL 3009210 (E.D. Cal. July 14, 2017) (stating that $250 per hour was reasonable for attorneys with approximately four years of experience).

Beyond FDCPA cases, in the Fresno Division of the Eastern District of California, attorneys with twenty or more years of experience are awarded $350.00 to $400.00 per hour. See, e.g., *Leprino Foods Co. v. JND Thomas Co., Inc*., No. 1:16-CV-01181-LJO-SAB, 2017 WL 128502, at *13 (E.D. Cal. Jan. 12, 2017), report and recommendation adopted in part, No. 1:16-CV-01181-LJO-SAB, 2017 WL 432480 (E.D. Cal. Feb. 1, 2017) (finding $400.00 per hour a reasonable hourly rate for attorney with more than thirty years of experience); *Sanchez v. Frito-Lay, Inc*., No. 1:14-CV-00797-AWI-MJS, 2015 WL 4662636, at *18 (E.D. Cal. Aug. 5, 2015), report and recommendation adopted, No. 1:14-CV-797-AWI-MJS, 2015 WL 5138101 (E.D. Cal. Aug. 26, 2015) (finding reasonable rate for attorney with twenty years of experience was $350 per hour in a wage and hour class action). Generally, "$300 is the upper range for competent attorneys with approximately a decade of experience." *Barkett v. Sentosa* Props. LLC, No. 1:14-CV-01698-LJO, 2015 WL 5797828, at *5 (E.D. Cal. Sept. 30, 2015) (O'Neill, J.) (citing *Silvester v. Harris*, No. 1:11-CV-2137 AWI SAB, 2014 WL 7239371, at *4 (E.D. Cal. Dec. 17, 2014). For attorneys with "less than ten years of experience ... the accepted range is between $175 and $300 per hour." *Silvester*, 2014 WL 7239371 at *4 (citing *Willis v. City of Fresno*, 1:09-cv-01766-BAM, 2014 WL 3563310 (E.D. Cal. July 17, 2014).

Recent cases have maintained the same hourly rates. *Accord Deerpoint Grp., Inc. v. Agrigenix, LLC*, No. 1:18-cv-00536-AWI-BAM, 2022 WL 16551632, at *19 (E.D. Cal. Oct. 31, 2022); *Langer v. Cooke City Raceway, Inc*., No. 1:21-CV-01488-JLT-BAK, 2022 WL 2966172, at *16 (E.D. Cal. July 27, 2022), report and recommendation adopted, No. 1:21-cv-01488-JLT-BAK, 2022 WL 3348015 (E.D. Cal. Aug. 12, 2022); *Webb v. Cty. of Stanislaus*, No. 1:19-cv-01716-DAD-EPG, 2022 WL 446050, at *6 (E.D. Cal. Feb. 14, 2022) ("In the Fresno Division of the Eastern District of California,

generally, attorneys with twenty or more years of experience are awarded $325.00 to $400.00 per hour, attorneys with ten to twenty years of experience are awarded $250.00 to $325.00, attorneys with five to ten years of experience are awarded $225.00 to $250.00, and less than $200.00 for attorneys with less than five years of experience."). Finally, "[t]he current reasonable hourly rate for paralegal work in the Fresno Division ranges from $75 to $150, depending on experience." *Silvester*, 2014 WL 7239371, at *4 (citations omitted); *cf. Franco v. Ruiz Food Prods., Inc.*, No. 1:10-cv-02354-SKO, 2012 WL 5941801, at *20 (E.D. Cal. Nov. 27, 2012) (approving a rate of "$100 per hour" for "legal assistants").

According to counsel's declaration, Mr. Cardoza has been practicing for approximately 26 years, Ms. Veggian has been practicing for approximately 10 years, and Ms. Gaviola has been practicing for approximately three years. (Doc. 11-2 ¶¶ 5-8; 32; 37.) Even with Mr. Cardoza's additional years of experience, counsel's proposed rates are generally above the prevailing market rates for attorneys with comparable experience in the Eastern District. As addressed above, courts in the Eastern District repeatedly have found rates in the $250 to $350 per hour range to be a reasonable rate for attorneys with less than fifteen years of experience bringing actions under the FDCPA. More broadly, courts in the Eastern District have also generally found rates in the $250 to $400 per hour range to be reasonable depending on the experience of the attorneys. Further, while the Court accepts that Plaintiff's attorneys have specialized experience in consumer protection litigation, this case did not involve complicated legal or factual issues. Indeed, the present case was relatively simple and not an exceptional case meriting a higher fee. Given counsel's experience and minimal complexity of this case, there is nothing to justify awarding or exceeding the maximum hourly rate to be found reasonable in cases in this district. Considering these factors, rate determinations for similarly skilled and experienced counsel in other cases in this forum, and the Court's own knowledge of the local value of legal services comparable to those rendered here, the rates will be adjusted for the purposes of the lodestar calculation.

The Court finds that a reasonable hourly rate for Mr. Cardoza is $400 per hour, a reasonable hourly rate for Ms. Veggian is $325 per hour, a reasonable hourly rate for Ms. Gaviola is $200 per hour, a reasonable hourly rate for paralegal Keanu Hakimian is $125, a reasonable hourly rate for

paralegal Aimee Cody is $100 per hour, and a reasonable hourly rate for legal assistant Laura Woods is $95 per hour.

### 4. Hours Reasonably Expended

With regard to the time and labor required, the Court has reviewed the billing records submitted by Plaintiff's counsel and finds that, with the exception of hours expended by paralegals upon clerical tasks, the number of hours expended are reasonable. The Court responds to Defendant's challenges to Plaintiff's billed hours below.

   a. <u>Time Expended in Arbitration Attempts</u>

Defendant first argues that Plaintiff's counsel cannot recover fees for their arbitration attempt, as the fees were not part of this action. (Doc. 12 at 9; Doc. 12-2.) Plaintiff replies that Plaintiff was entitled to attempt to resolve this matter through arbitration, and the fees were therefore properly incurred in resolving this matter. (Doc. 17 at 3.) As the 4.3 hours that Plaintiff's counsel billed were part of initial attempts to resolve this matter, the Court finds these hours should not be reduced for this reason. *See* (Doc. 11-2 ¶ 48); (Doc. 12-2).

   b. <u>Clerical Tasks</u>

Defendant next contends that Plaintiff's lodestar figure should be reduced because Plaintiff's counsel billed for 11.4 hours of clerical work that is not recoverable, pointing to tasks including filing, service, receipt of documents, calendaring, and organizing files that appear to have been done by Plaintiff's counsel's paralegal and legal assistants. (Doc. 12 at 9-10; Doc. 12-3). Plaintiff responds generally that paralegal work should not be disregarded and that "no such tasks were billed at an attorney rate – all were billed at the significantly reduced rates for paralegals and legal assistants." (Doc. 17 at 4-5.)

The Supreme Court determined that "purely clerical work or secretarial tasks should not be billed at a paralegal or lawyer's rate, regardless of who performs them." *Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989). Courts have routinely found the time spent to e-file documents to be non-compensable clerical work. *Henderson v. Comm'r of Soc. Sec.*, No. 1:20-cv-0562 JLT, 2021 WL 2457540, at *3 (E.D. Cal. June 16, 2021) (citing *L.H. v. Schwarzenegger*, 645 F. Supp. 2d 888, 899 (E.D. Cal. 2009) (finding organizing and updating files was clerical and declining to award fees where

9

the applicant "tendered no evidence that these are tasks that required the skill of a paralegal")). Courts in the Ninth Circuit have further found that drafting and preparing documents related to service of process are clerical tasks and have reduced the number of hours awarded as fees accordingly. *See, e.g., Kirk v. Berryhill* 244 F. Supp. 3d 1077, 1084 (E.D. Cal. 2017) ("drafting letters and preparing documents related to representation and service of process .... could have been completed by experienced support staff"); *Bailey ex rel. Pace v. Colvin*, No. 3:12-cv-01092-BR, 2013 WL 6887158, at *4 (D. Or. Dec. 31, 2013) (stating that "the Court may not award fees for clerical work even when the work is performed by attorneys" where applicant attorney billed for service of process).

Here, the Court identified several items related to service and filing, receiving documents, processing documents, moving documents into case files, and other organizing functions that were billed at the $175.00 per hour rate, presumably by paralegal Keanush Hakimian. (Doc. 11-3.) The time expended upon these items by Mr. Hakimian was 8.1 hours. The Court further identified 0.9 hours related to creating a client folder, filing documents, serving documents, and receiving documents were billed at the $125.00 rate, presumably by paralegal Aimee Cody. (*Id.*) The Court finds the time expended upon these clerical tasks by Mr. Hakimian and Ms. Cody was not reasonable, and therefore recommends reducing Mr. Hakimian's billed time by 8.1 hours and reducing Ms. Cody's billed time by 0.9 hours.

  c. Internal Communications

Defendant further argues that Plaintiff cannot recover billing for unsupported interoffice communications of 2.8 hours that amounted to $827.00 in fees, as they are excessive and duplicative in this matter. (Doc. 12 at 10-11.) Defendant contends that Plaintiff's time entries do not provide adequate detail and a significant portion of these fees were generated in determining whether to accept Defendant's Offer of Judgment. (*Id.*) Plaintiff responds that the billing was not excessive or disproportionate, and disputes Defendant's contentions of the contents of those internal communications. (Doc. 17 at 5-6.)

While the Court is mindful of avoiding duplicative fees, meetings "between attorneys are a routine and necessary part of providing legal representation to the client." *Aviles v. Subaru of Am., Inc.*, No. 1:18-cv-01544-DAD-SKO, 2020 WL 868842, at *4 (E.D. Cal. Feb. 21, 2020). While the

billing records submitted by plaintiff's counsel do not indicate the precise nature of the internal communications, they primarily appear to be billed by paralegal Mr. Hakimian and junior associate Ms. Gaviola, and do not indicate that there was duplicative or excessive billing for communications or conferences. (Doc. 11-3.) The cases cited by Defendant support a reduction, but only where courts found duplicative and excessive billing related to internal conferences and communications. *See Fresh Packing Corp. v. Guicho*, No. 15-CV-01551-LHK, 2016 WL 1718286, at *7 (N.D. Cal. Apr. 29, 2016) ("a review of billing records reveals that these conferences are duplicative and excessive."); *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 949 (9th Cir. 2007) (deducting 5.75 hours for intra-office conferences where counsel stated in the fee request that she "has assumed sole responsibility for several hundred ERISA matters," had substantial experience, and failed "to provide a persuasive justification for the intra-office meetings"). Defendant further cites a Central District of California order in which Plaintiff's counsel's fees were reduced based upon failure to show that interoffice communication time was reasonable incurred. *Soler v. Trans Union, LLC*, 2022 U.S. Dist. LEXIS 240265 at *25-26, CV 20-08459-FWS-PLA (C.D. Cal. Oct. 18, 2022) ("The court is thus unable to discern whether these entries were necessary to the case, and so Plaintiff has not carried her burden to demonstrate they are reasonable charges.") However, the defendant in that case argued that 230.4 hours billed for interoffice communications should be reduced to 57.6 hours. *Id.* at *21-22. While Plaintiff's documentation of these hours could be clearer, considering the comparably brief 2.8 hours spent on efficiently resolving this litigation, the Court does not find that these billed hours were excessive or duplicative, and so does not recommend a reduction in billed hours based upon excessive internal communications billing.

      d. <u>Billed Hours Related to Offer of Judgment</u>

Defendant next argues that Plaintiff counsel improperly requests $2,311.50 for 6.7 hours spent in determining whether to accept ICS' offer of judgment. (Doc. 12 at 12.) Defendant contends that, because it was known that Plaintiff would recover given the Offer of Judgment, the remaining hours were spent "presumably on how to maximize attorneys' fees in light of the Offer of Judgment." (*Id.*) Plaintiff responds that the time after the Offer of Judgment was received was spent communicating with opposing counsel regarding other potential options for settlement, as well as internal

communications and client communications regarding those options. (Doc. 17 at 5-6.) As those hours were primarily spent in internal communications, client communications, and opposing counsel communications prior to the final resolution of the matter, the final negotiations and discussions that led to resolution were still part of the matter and do not appear to be excessive or duplicative. (Doc. 11-3.) The Court will therefore not recommend reducing the billed hours on this basis.

    e. <u>Lodestar Multiplier</u>

Plaintiff contends that a lodestar multiplier should be used, including a 0.2 multiplier based upon the risk that Plaintiff did not prevail[3] and an 0.3 multiplier based upon the Plaintiff's counsel's needing to absorb significant delay between the initiation of the case and a potentially successful resolution. (Doc. 11-1 at 8-10; Doc. 17 at 6-7.) Defendant contends that Plaintiff is not entitled to a lodestar multiplier given the lack of risk, lack of delay in payment, and recent attorneys' fees awards cited denying Plaintiff's counsel's lodestar multiplier requests. (Doc. 12 at 12-14.)

"While in most cases the lodestar figure is presumptively reasonable, 'in rare cases, a district court may make upward or downward adjustments to the presumptively reasonable lodestar on the basis of those factors set out in *Kerr v. Screen Extras Guild, Inc.*, 526, F.2d 67, 69–70 (9th Cir.1975), that have not been subsumed in the lodestar calculation." *Camacho*, 523 F.3d at 982 (quoting *Gates*, 987 F.2d at 1402); *Chalmers*, 796 F.2d at 1212–13 (noting that while the Supreme Court has not specified the circumstances in which a fee award enhancement is warranted, "recent Supreme Court authority strongly suggests that an enhanced award is justified only in the extraordinary case."). The factors outlined in *Kerr* include:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the

---

[3] In her motion for attorneys' fees, Plaintiff states that, "Defendant's Rule 68 Offers created additional risk because Plaintiff would need to prevail with more than the statutory damages at arbitration, since anything less would have cut off attorney's fees as of the date of the offer." (Doc. 11-1 at 9.) Plaintiff clarifies in her Reply that "Plaintiff mistakenly wrote 'arbitration' instead of 'trial' when referencing the requested 0.2 multiplier regarding the risk of needing to prevail with more than statutory damages incurred because of the Rule 68." (Doc. 17 at 6.)

12

>nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr*, 526 F.2d at 70.  "While the decision to enhance or reduce the lodestar under the *Kerr* factors is within the district court's discretion, the court still must explain how it arrived at its final decision." *Stanger v. China Elec. Motor, Inc*., 812 F.3d 734, 740 (9th Cir. 2016) (holding that the "district court must explicitly discuss why the *Kerr* reasonableness factors do or do not favor applying a multiplier (positive or negative) in this case.").

The Court finds that a multiplier is not warranted in this instance.  Here, while the Court is aware of the effort and experience of Plaintiff's counsel in bringing this matter to an efficient resolution, Plaintiff's counsel does not justify the multiplier other than the inherent risks involved in litigation and accepting cases upon contingency.  (Doc. 11-1 at 8-10; Doc. 17 at 6-7.)  Considering the *Kerr* factors, the facts and issues in the matter do not appear particularly novel or difficult.  The time and labor required to resolve this matter was minimal.  While Plaintiff's counsel accepted some risk as a result of taking on this case, it does not go beyond the usual risk of accepting and litigating a matter on a contingency basis.  Accordingly, the Court recommends against applying a multiplier in this matter.

      f.   <u>Defendant's Request to Reduce Plaintiff's Fee Award by 75 Percent</u>

Defendant argues that Plaintiff's fee award should be reduced by 75 percent, reiterating its previous arguments that: Plaintiff failed to establish relevant rates for this community, Plaintiff seeks unrecoverable fees, and Plaintiff's billed hours are excessive.  (Doc. 12 at 14-15.)  Plaintiff in turn argues that there is no basis to reduce fees by 75 percent, Plaintiff's fees were not excessive, Plaintiff's post-Offer of Judgment fees involved attempting to achieve a settlement other than the Offer of Judgment, and to reduce Plaintiff's fees by 75 percent would have a chilling effect on consumer litigation.  (Doc. 17 at 7-9.)

In a case examining the award of attorneys' fees, the Ninth Circuit cautioned that "the district court can impose a small reduction, no greater than 10 percent—a 'haircut'—based on its exercise of discretion and without a more specific explanation." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).  The Ninth Circuit held that it "cannot sustain a 50 percent cut, over and above

the 9 percent cut plaintiff's counsel already imposed on herself, without a clear explanation," and the "opaque explanation provided here is an insufficient basis for the district court's Draconian cut." *Id.* at 1113. The Court has addressed Defendant's prior concerns with Plaintiff's awards above, and therefore finds that a 75 percent reduction in Plaintiff's fees is not warranted.

### 5. Recommended Fees Award

Having considered all the relevant factors, the Court finds that of the requested 34.7 hours, the 5.9 hours expended by Mr. Cardoza, the 6.4 hours expended by Ms. Veggian, the 6.6 hours expended by Ms. Gaviola, and the 2.0 hours expended by legal assistant Laura Woods were reasonable. (*See* Doc. 11-3; Doc. 11-2 ¶¶ 32-42.) However, the Court finds that the 8.1 hours billed by paralegal Keanush Hakimian on clerical tasks was not reasonable, and therefore recommends reducing Mr. Hakimian's billed 11.8 hours to 3.7 hours. The Court further finds that the 0.9 hours billed by paralegal Aimee Cody on clerical tasks was also not reasonable, and therefore recommends reducing Ms. Cody's billed 2.0 hours to 1.1 hours.

Given the recommended reduction in hourly rates and billed hours, the Court recommends awarding fees of $6,522.50, consisting of: $2,360.00 for Mr. Cardoza's 5.9 hours at a $400 per hour rate; $2,080.00 for Ms. Veggian's 6.4 hours at a $325 per hour rate; $1,320.00 for Ms. Gaviola's 6.6 hours at a $200 per hour rate; $462.50 for Mr. Hakimian's 3.7 hours at a $125 per hour rate; $110.00 for Ms. Cody's 1.1 hours at a $100 per hour rate; and $190 for Ms. Woods's 2.0 hours at a $95 per hour rate.

### C. Costs

Plaintiff seeks $592.32 in costs and has submitted a statement of itemized costs in support of her request. (Doc. 11-1; Doc. 11-3 at 7.) Plaintiff seeks reimbursement for mailing costs, filing fees, and service fees. (*Id.*) Defendant challenges only the $28.36 in mailing costs Plaintiff incurred when seeking arbitration of this matter but does not contest the remaining $563.96 in costs. (Doc. 12 at 15.) Plaintiff responds that these costs are costs of service of two arbitrations and therefore remain taxable. (Doc. 17 at 9.)

Having reviewed Plaintiff's statement of costs, the Court finds that the costs Plaintiff seeks to recover were reasonably incurred and recoverable. *See Garcia v. Resurgent Capital Services*, L.P.,

2012 U.S. Dist. LEXIS 123889, 2012 WL 3778852, at *12 (N.D. Cal. 2012) ("in FDCPA cases, 'expenses that are generally charged to paying clients may be awarded, even though they are not normally taxable as costs.'"). Although Defendant is correct that postage costs are generally not permitted, courts have differentiated between true postage costs and other permissible costs that may initially appear to be postage costs. *See Yeager v. Bowlin*, No. CIV 2:08-102 WBS-JFM, 2010 WL 716389, at *1 (E.D. Cal. Feb. 26, 2010) (noting that while "no provision of 28 U.S.C. § 1920 provides for the recovery of postage or costs of overnight mail… [parties] may recover for the costs in the private serving of summonses or subpoenas under § 1920(1)."); *Wallace v. Nationstar Mortg.*, LLC, No. 2:18-cv-02768-JAM-DB, 2021 WL 1578196, at *5 (E.D. Cal. Apr. 22, 2021) (finding that postage costs "are not taxable under 28 U.S.C. § 1920," but one posted cost objected to was "primarily a copying cost" and therefore taxable under 28 U.S.C. § 1920). Here, the objected-to mailing costs are labeled "Mail: 2022.09.02 01966 Martinez De Maldonado - CML Receipt for Mailing (Service Package)" and "Mail: 2022.10.03 01966 Martinez De Maldonado - CML Receipt for Mailing (Service Package)" in Plaintiff's list of expenses. (Doc. 11-3 at 7.) They therefore appear to be service costs and are thus recoverable. Accordingly, the Court finds Plaintiff's requested costs reasonable and recommends granting Plaintiff's motion for costs in the amount of $592.32.

## IV.   FINDINGS AND RECOMMENDATIONS

Based on the foregoing, the Court finds that Plaintiff's counsel's hourly rates should be reduced from the requested rates and billed hours should be deducted for Plaintiff's counsel's paralegals' work on clerical tasks. Accordingly, IT IS HEREBY RECOMMENDED as follows:

1. Plaintiff's Motion for Attorneys' Fees and Costs (Doc. 11) be GRANTED IN PART AND DENIED IN PART; and
2. Plaintiff be awarded a total amount of $7,114.82, consisting of attorneys' fees in the amount of $6,522.50 and costs in the amount of $592.32.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and

Recommendations." The parties are advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **March 12, 2024**              /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE