UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEYSE MARTINEZ DE MALDONADO,<br><br>  Plaintiff,<br><br>  v.<br><br>I.C. SYSTEM, INC.,<br><br>  Defendant. | Case No.: 1:23-cv-0186 JLT BAM<br><br>ORDER ADOPTING IN FULL THE FINDINGS AND RECOMMENDATIONS, GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS<br><br>(Docs. 11, 20) |

Deyse Martinez de Maldanado sought to hold I.C. System, Inc., liable for violations of the Fair Debt Collections Practices Act, California's Rosenthal Fair Debt Collection Practices Act, and Cal. Code Civ. Proc. §§ 1280, *et. seq*. (*See* Doc. 1-3 at 4-7.)  Plaintiff accepted Defendant's offer of judgment, which included a provision for "reasonable attorneys' fees and costs in an amount either agreed by the parties or determined by the Court." (Doc. 9 at 2; *see also id.* at 6.)  Plaintiff now moves for fees and costs.  (Doc. 11.)

The assigned magistrate judge found the hourly rates requested for work in this action exceeded those typically awarded in the Eastern District and recommended the rates to be reduced to be within the range of reasonable fees in this forum. (Doc. 20 at 6-9.)  In addition, the magistrate judge found Plaintiff included clerical tasks, for which fees should not be awarded, in the billing records and recommended the time be deducted from the fee award. (*Id.* at 9-12.)  With the proposed adjustments to the hourly rates and billed time, the magistrate judge recommended fees be awarded in the modified

1

amount of $6,522.50. (*Id.* at 14.) The magistrate judge found a multiplier was not warranted after considering the factors set forth by the Ninth Circuit in *Kerr v. Screen Extras Guild, Inc.*, 526, F.2d 67, 69-70 (9th Cir. 1975), and recommended the Court decline to apply a multiplier to the fee award. (*Id.* at 12-13.) The magistrate judge also found that the requested costs "were reasonably incurred and recoverable," and recommended costs be awarded in the amount of $592.32. (*Id.* at 15.)

The Court served the Findings and Recommendations on the parties and notified them any objections were due within 14 days. (Doc. 20 at 15.) The Court advised the parties that the failure to file objections within this specified time may result in the waiver of rights on appeal. (*Id*. at 16, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).) Neither Plaintiff nor Defendant filed objections, and the time to do so has passed.

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations dated March 13, 2024 (Doc. 20) are **ADOPTED** in full.
2. Plaintiff's motion for attorneys' fees and costs (Doc. 11) is **GRANTED** in part.
3. Plaintiff is **AWARDED** the modified amount of $**7,114.82**, including fees in the amount of $6,522.50 and costs in the amount of $592.32.

IT IS SO ORDERED.

Dated:   **March 28, 2024**

UNITED STATES DISTRICT JUDGE

2